UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN M. RAYNOR,<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY SPV I, LLC and LAW OFFICE OF KEITH S. SHINDLER, LTD., d/b/a SHINDLER & JOYCE,<br><br>Defendants. | CASE NO.: 1:21-cv-01471-RLY-MJD<br><br>JURY DEMAND |

**FIRST AMENDED CLASS ACTION COMPLAINT**

### I.    INTRODUCTION

1. This is a class action brought by Plaintiff Steven M. Raynor ("Raynor"), individually and on behalf of all others similarly situated, for statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Cavalry SPV I, LLC ("Cavalry") and Law Office of Keith S. Shindler, LTD. ("Shindler") for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Deceptive Consumer Sales Act ("DCSA"), Indiana Code § 24-5-0.5-1, et seq.

### II.    PLAINTIFF

2. Raynor is a natural person residing in Johnson County, Indiana.

### III.    DEFENDANTS

3. Cavalry is a foreign for-profit limited liability company with its principal office located in Valhalla, New York.

4. Cavalry uses instrumentalities of interstate commerce or the mails in the business of debt collection; debt collection is the principal purpose of Cavalry.

5. At all times referenced herein, Cavalry was operating as a debt collector as defined by 15 U.S.C. § 1692a(6); Cavalry is a debt collector.

6. Shindler is a foreign for-profit corporation operating as a law firm with its principal office located in Schaumberg, Illinois.

7. At all times referenced herein, Shindler was operating as a debt collector as defined by 15 U.S.C. § 1692a(6); Shindler is a debt collector.

## IV. STATEMENT OF FACTS

8. Raynor allegedly incurred a debt for personal purposes.

9. Cavalry acquired the debt.

10. Cavalry hired Shindler to file a lawsuit on the debt against Raynor.

11. On November 4, 2020, Shindler filed a Complaint on behalf of its client, Cavalry, in Johnson County Superior Court captioned *Cavalry SPV I, LLC v. Steven M. Raynor*, Cause No. 41D01-2011-CC-001267 ("Collection Lawsuit"), against Raynor.

12. Shindler prepared a summons for Raynor, which was tendered to the Clerk of Court along with the Complaint and was executed by the Clerk and provided to Shindler for service on Raynor.

13. Shindler hired private process server ABC Legal to serve the summons and Complaint upon Raynor.

14. A copy of the summons served on Raynor is attached as Exhibit A.

15. The summons falsely, deceptively and misleadingly states: "Your answer is considered filed the day it is received in the office of the Clerk of the Johnson County Courts, 5 East Jefferson Street, Franklin, IN 46131. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove that you filed your answer."

16. Indiana Rule of Trial Procedure 5(F) states in relevant part: "Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit."

17. The fact that the false, deceptive and misleading statement is made in the summons signed by the Clerk of Court makes it appear that the false, deceptive and misleading statement is being made by the Clerk of Court or the Court itself.

## V.   CLAIMS FOR RELIEF

### A.  Fair Debt Collection Practices Act

18. Raynor repeats, re-alleges and incorporates by reference the preceding paragraphs.

19. Cavalry and Shindler violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    a. By causing Raynor to be served with a summons containing false, deceptive and misleading statements, Cavalry and Shindler used a false, deceptive or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. By causing Raynor to be served with a summons containing false, deceptive and misleading statements, such that the false statements appear

  to be made by the Clerk of Court or the Court, Cavalry and Shindler used or distributed a written communication which creates a false impression as to its source, authorization or approval, in violation of 15 U.S.C. § 1692e(9);

 c. By causing Raynor to be served with a summons containing false, deceptive and misleading statements, Cavalry and Shindler used an unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

20. As a result of the violation of the Fair Debt Collection Practices Act, Cavalry and Shindler are liable to Raynor for his statutory damages, costs, attorney fees and all other appropriate relief.

## B. Indiana Deceptive Consumer Sales Act – Incurable Deceptive Act - Cavalry

21. Raynor repeats, re-alleges and incorporates by reference the preceding paragraphs.

22. Cavalry violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(a), by making the following representations upon which Raynor relied:

 a. "Your answer is considered filed the day it is received in the office of the Clerk of the Johnson County Courts, 5 East Jefferson Street, Franklin, IN 46131."

23. Cavalry violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(a), by making the following omissions upon which Raynor relied:

    a. Failing to advise Raynor that court filing "by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit."

24. Cavalry violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(b)(8), by making the following representation and omission in writing upon which Raynor relied:

    a. Stating "(y)our answer is considered filed the day it is received in the office of the Clerk of the Johnson County Courts, 5 East Jefferson Street, Franklin, IN 46131" and failing to advise Raynor that court filing "by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit."

25. Cavalry engaged in a scheme to mislead Raynor by placing false, deceptive or misleading language into the summons tendered to the Clerk of Court while knowing and intending that the summons would be signed by the Clerk of Court and served on Raynor; further, part of the scheme was the design to do the same thing to many consumers.

26. The foregoing representations and omissions are incurable deceptive acts under I.C. § 24-5-0.5-2(a)(8).

27. The foregoing representations and omissions are willful deceptive acts under I.C. § 24-5-0.5-4(a).

28. Raynor is entitled to his damages, treble damages, attorney fees, costs and all other proper relief for Cavalry's violation of the Indiana Deceptive Consumer Sales Act.

### C. Indiana Deceptive Consumer Sales Act – Uncured Deceptive Act - Cavalry

29. Raynor repeats, re-alleges and incorporates by reference the preceding paragraphs.

30. Cavalry violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(a), by making the following representations upon which Raynor relied:

    a. "Your answer is considered filed the day it is received in the office of the Clerk of the Johnson County Courts, 5 East Jefferson Street, Franklin, IN 46131."

31. Cavalry violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(a), by making the following omissions upon which Raynor relied:

    a. Failing to advise Raynor that court filing "by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit."

32. Cavalry violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(b)(8), by making the following representation and omission in writing upon which Raynor relied:

    a. Stating "(y)our answer is considered filed the day it is received in the office of the Clerk of the Johnson County Courts, 5 East Jefferson Street, Franklin, IN 46131" and failing to advise Raynor that court filing "by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit."

33. Raynor provided Cavalry with timely notice of the foregoing uncured deceptive acts.

34. Cavalry did not make a timely offer to cure the uncured deceptive acts.

35. The foregoing representations and omissions are uncured deceptive acts under I.C. § 24-5-0.5-2(a)(7).

36. The foregoing representations and omissions are willful deceptive acts under I.C. § 24-5-0.5-4(a).

37. Raynor is entitled to his damages, treble damages, attorney fees, costs and all other proper relief for Cavalry's violation of the Indiana Deceptive Consumer Sales Act.

### D. Class Allegations

38. Raynor brings this action on behalf of himself and all persons similarly situated in the State of Indiana for whom Shindler filed a summons (one year before the date of the filing of this Class Action Complaint to the present) with any Clerk of Court located in the State of Indiana that contained the statement "Your answer is considered filed the day it is received in the office of the Clerk of the [insert county and clerk address]. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove that you filed your answer" (or substantially similar language); this shall be termed the "FDCPA Class."

39. Raynor also brings this action on behalf of himself and all persons similarly situated in the State of Indiana for whom Shindler filed a summons (two years before the date of the filing of this Class Action Complaint to the present) with any Clerk of Court located in the State of Indiana that contained the statement "Your answer is considered filed the day it is received in the office of the Clerk of

the [insert county and clerk address]. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove that you filed your answer" (or substantially similar language); this shall be termed the "DCSA Class."

40. Cavalry and Shindler regularly engage in debt collection using the same or similar summons document received by Raynor in an attempt to collect consumer debt from other persons located in the State of Indiana.

41. This lawsuit seeks a determination by the Court that the violations alleged in paragraph 19 above are indeed violation of the Fair Debt Collection Practices Act and for an award of damages as authorized by 15 U.S.C. § 1692k(a) for all similarly-situated persons.

42. This lawsuit also seeks a determination by the Court that the violations alleged in paragraphs 22-24 and 30-32 above are indeed violations of the Deceptive Consumer Sale Act and for an award of damages as authorized by Indiana Code § 24-5-0.5-4(b) for all similarly-situated persons.

43. The class members are so numerous that joinder is impracticable. The proposed classes each consist of more than 35 persons.

44. Raynor's claims are typical of the proposed classes. Common questions of law or fact raised by this class action affect all members of the proposed classes and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the classes. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. The prosecution of separate actions by individual members of the proposed classes would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed classes, and a risk that any adjudications with respect to individual members of the proposed classes would, as a practical matter, either be dispositive of the interests of other members of the proposed classes not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

46. Raynor will fairly and adequately protect and represent the proposed classes. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the proposed classes because Cavalry and Shindler's conduct was perpetrated on all members of the proposed classes by the use of a form document and will be established by common proof. Moreover, Raynor has retained counsel with extensive experience in the Fair Debt Collection Practices Act, Deceptive Consumer Sales Act and class action litigation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the FDCPA Class;

B. Certify the DCSA Class;

C. Appoint Raynor Class Representative of each Class and his attorney as Class Counsel;

D. Find that Cavalry and Shindler violated the FDCPA;

E. Find that Cavalry violated the DCSA;

F.  Enter judgment in favor of Raynor and each Class and against Cavalry and Shindler for statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and Indiana Code § 24-5-0.5-4;

G.  Award Raynor a service award for his participation as Class Representative; and

H.  All such additional relief as the Court deems appropriate and just.

## JURY TRIAL REQUEST

Raynor requests a trial by jury.

/s/ *Robert E. Duff*
Robert E. Duff

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group
P.O. Box 7251
Fishers, IN  46037
800-817-0461
robert@robertdufflaw.com